MUELLER, Trustee, Respondent, vs. BRUSS and others, Appellants.

*December 2 — December 17, 1901.*

*Jurisdiction: State and federal courts: Trustee in bankruptcy: Setting aside fraudulent conveyances: Necessity of judgment: Insufficiency of assets: Pleading.*

1. Jurisdiction may be exercised by the courts of this state in an action by a trustee in bankruptcy, appointed under the federal bankrupt act, to set aside as fraudulent conveyances of real estate made by

the bankrupt which are not void under said act but were made in fraud of creditors and are therefore void under sec. 2320, Stats. 1898.

2. A judgment and return of execution unsatisfied are not necessary to enable a trustee in bankruptcy to maintain an action in equity to set aside transfers of property by the bankrupt in fraud of creditors, since under the bankrupt act neither the trustee nor the creditors whom he represents could obtain such a judgment.

3. The complaint in an action by a trustee in bankruptcy to set aside transfers of property by the bankrupt debtor on the ground that they are fraudulent as to creditors must show that the plaintiff has not sufficient assets in his hands belonging to the estate to satisfy the claims filed against the debtor.

APPEAL from an order of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

Demurrer to plaintiff's complaint. It is alleged that about May 2, 1899, the defendant *Julius Bruss* filed a voluntary petition in bankruptcy, and was thereafter duly adjudged a voluntary bankrupt. July 10, 1899, the plaintiff was elected trustee, and duly qualified. Prior to October 18, 1898, *Bruss* owned certain real estate. On the date last mentioned, while in debt to creditors who had proved their claims in said bankruptcy proceedings, which debts are yet unpaid, he conveyed certain of said real estate to his wife, the defendant *Wilhelmine*, without any consideration. On October 24, 1898, he conveyed certain other real estate to his daughter, the defendant *Lydia Schneider*. Both of said conveyances were voluntary, and made with intent to hinder, delay, and defraud his creditors, which fraudulent intent was participated in by the said grantees, who took possession of the property and now claim to be the owners thereof. *Julius* failed to schedule said property as a part of his assets, and withheld all information in regard to the same from the trustee. There is also an allegation that this action is not prosecuted in collusion with the defendants. The demurrer was based on the grounds that the court had no jurisdiction, that the plaintiff had no legal capacity to sue, and that the complaint

fails to state a cause of action. From an order overruling the demurrer the defendants have taken this appeal.

For the appellants there was a brief by *Sheridan & Wollaeger*, and oral argument by *Gustave Wollaeger*.

For the respondent the cause was submitted on the brief of *Sylvester, Scheiber & Orth*.

BARDEEN, J. 1. The first question raised by the defendants is whether the courts of this state will take jurisdiction of actions arising under the federal bankruptcy act. The plaintiff is suing, in his capacity as trustee in bankruptcy of the defendant *Julius Bruss*, to set aside conveyances of his real estate alleged to have been made some six months prior to the filing of his voluntary petition. His authority to sue is given by Bankruptcy Act of 1898, § 70. Subdivision "e" of this section provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication," etc.

It is said by defendant's counsel that Congress has no power to impose on the state courts the duty of administering any part of the bankrupt act, that it is purely discretionary with them whether they will act or not, and that the policy of this state, declared under the act of 1867, was that such jurisdiction would not be entertained. He cites two cases (*Brigham v. Claflin*, 31 Wis. 607, and *Bromley v. Goodrich*, 40 Wis. 131) to sustain his position. In the first of these cases, Mr. Justice COLE, who wrote the opinion, was inclined to hold that the federal courts had exclusive jurisdiction of *all* proceedings under the bankrupt law; but the case was decided on the ground that, the transaction attacked by the assignee being valid under the state law, the courts of this state would not lend their aid to avoid it at

the suit of the assignee, because the federal act declaring it void was penal in its character. This was in recognition of the doctrine that one state will not take cognizance of or enforce penalties imposed by the laws of another state, and applying it to the act of Congress which created a forfeiture as to all conveyances of property by the debtor within the four months previous to the filing of his petition. The *Bromley Case* confirmed the former one, and held that the federal courts had exclusive jurisdiction of such proceedings, and that the state courts would not declare such conveyances void in absence of an adjudication by the federal court.

But this case is unlike either of the cases mentioned. Those were cases where the conveyances mentioned were made within the four months limited by sec. 35 of the act of 1867. In this case the conveyances attacked were made more than six months prior to the filing of the petition in bankruptcy, and do not come within the prohibitory terms of the act of 1898. The action is by the trustee, representing the creditors, to set aside conveyances alleged to have been made in fraud of creditors, and prohibited by sec. 2320, Stats. 1898. It involves no application of the penal statutes of the United States. Under the act of 1867 the supreme court of the United States held, contrary to the cases above cited, that the assignee in bankruptcy might sue in the state courts, no exclusive jurisdiction being given to the courts of the United States, and that in such cases the state courts did not exercise a new jurisdiction conferred upon them, but their ordinary jurisdiction derived from their constitution under state law. *Claflin v. Houseman*, 93 U. S. 130; *McKenna v. Simpson*, 129 U. S. 506. The latter case is one very similar in its facts to the one at bar, and held that the decision of the state court as to what should be deemed a fraudulent conveyance did not present a federal question so that it could be taken to the supreme court for review.

It will be observed that one of the reasons given why this court declined to allow the assignee the right to sue was because the federal courts had exclusive jurisdiction and conflicts of interest might arise. No such ground exists under the present bankruptcy act. The recent case of *Bardes v. Hawarden Bank*, 178 U. S. 524, holds distinctly that under this act the United States courts have no jurisdiction over independent suits brought by a trustee in bankruptcy to assert a title to money or property as assets of the bankrupt, against strangers to the bankruptcy proceeding, unless by consent of the proposed defendant. In *Lyon v. Clark*, 124 Mich. 100, the case was first decided before *Bardes v. Hawarden Bank* was announced, and the view was entertained that the jurisdiction of the federal courts was exclusive. On rehearing, and in deference to the *Bardes Case*, the former decision was reversed, and the authority of the trustee to proceed in the state court was admitted. We are inclined to adopt that view, and therefore hold that the construction given to the federal statute by the United States supreme court should control, and that jurisdiction in cases like the present may be exercised by the state courts under our constitution and the laws of the state.

2. A second point urged with confidence is that the trustee possesses no greater rights than the creditor he represents. He is proceeding under the state law, and must show that he is a judgment creditor, or represents a judgment creditor, who has exhausted all his legal remedies, before he can maintain this action. There can be no doubt about the general proposition that, before a mere creditor or his representative can attack a conveyance alleged to have been made by his debtor in fraud of his creditors, he must show that he has exhausted his legal remedies. *Gilbert v. Stockman*, 81 Wis. 602; *French L. Co. v. Theriault*, 107 Wis. 627; *Ellis v. S. W. L. Co.* 108 Wis. 313. Sec. 3029, Stats. 1898, provides that when an execution has been issued upon a

judgment for the payment of money, and returned unsatisfied in whole or in part, the creditor "may commence an action against such judgment debtor and any other person to compel the discovery of any property or thing in action belonging to such judgment debtor, and of any property, money or thing in action due or held in trust for him." The requirement of the issue and return of an execution is in recognition of the rule in equity that legal remedies must be exhausted before proceedings in equity will be entertained.  Obtaining judgment on the claim with a return of an execution unsatisfied, is *prima facie* evidence of the exhaustion of all legal remedies against the debtor.  The rule stated, however, is not inexorable and without exceptions. If it appears that for any reason a judgment against a debtor cannot be obtained, it will be excused as a preliminary to a creditors' suit.  Smith, Equitable Remedies, § 167. The exceptions noted and discussed in the book last referred to fairly illustrate the law on that subject.  The principle involved in the exceptions to the rule is that, when a party has done all that is possible for him to do to prepare his case for equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief.

This leads us to the consideration of the situation presented by the allegations of the complaint.  It is not alleged that any of the creditors have ever obtained judgment on their claims.  The trustee has not secured a judgment, and it is not perceived how either he or the creditors could do so, under the provisions of the bankrupt act.  By sec. 11 all suits founded on a claim from which a discharge would be a release, pending at the time of the petition, are to be stayed until after an adjudication or the dismissal of the petition, and, if such person be adjudged a bankrupt, such suits are to be stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such dis-

·charge is determined, so that, unless the creditor had obtained a judgment before petition filed, he could not do so until after a discharge. Such discharge releases the bankrupt from all provable debts except such as are mentioned in sec. 17. In the meantime the trustee is vested with all the rights the creditors had to avoid transfers made by the debtor. The creditors could not sue and obtain judgment pending the bankruptcy proceedings. The trustee had no greater right. Hence, by the operation of a paramount law of the United States, the creditors were prevented from obtaining a judgment upon which to base the right to attack the conveyance of their debtor, alleged to have been fraudulently made. This brings the case within the exception before mentioned, and excuses the trustee from obtaining a judgment and issuing execution as a preliminary to the suit. See *Shellington v. Howland,* 53 N. Y. 371; *National T. Bank v. Wetmore,* 124 N. Y. 241; *United G. Co. v. Vary,* 152 N. Y. 121; *Semmes v. Hartford Ins. Co.* 13 Wall. 158; *Younglove v. Lime Co.* 49 Ohio St. 663.

3. A third proposition is that the trustee cannot maintain this action unless it is shown by the complaint that he has not sufficient assets in his hands to satisfy the claims of the creditors of the debtor. No such showing is made in the complaint. For all that appears therein, there may be money and property enough in his hands to pay every claim filed against the debtor. The conveyances attacked were good between the parties thereto. *Ellis v. S. W. L. Co.* 108 Wis. 313. Third parties are not allowed to impeach them unless it is necessary to do so in order that justice may be done. The trustee has no right superior to that of the creditors he represents. If we admit that the facts stated show such transfers to have been fraudulent, still no right to avoid them exists unless it appears that some one was harmed. It seems quite evident, without argument, that, unless it is made to appear that the property so conveyed

is needed to pay the claims filed against the debtor, the
trustee has no right to set such conveyances aside. The
complaint is insufficient in this respect. It ought to show
the amount of claims filed, and the value of the assets in his
hands, so that the court may determine the necessity of re-
sorting to this proceeding. Its infirmity in this respect ren-
ders it susceptible to the demurrer.

*By the Court.*— The order is reversed, and the cause is
remanded with directions to the court below to sustain the
demurrer, and for further proceedings according to law.