JAMES DELAND, Trustee of The Estate of Martin Peterson, Bankrupt, Appellant, v. THE MILLER & CHENEY BANK, D. C. MILLER, GEORGE W. CHENEY AND F. G. REDFIELD, Appellees.

Action for Conversion of Property: INSOLVENCY: FRAUD OF MORT-
GAGOR. In an action to set aside a mortgage given by a
1  bankrupt within four months prior to filing petition in bank-
ruptcy, it must be shown not only that the mortgagee knew
or had cause to believe the bankrupt insolvent, but that the
mortgage was given to delay creditors.

Preference of Creditors: KNOWLEDGE OF DEBTOR'S INSOLVENCY.
2  The provision of the bankruptcy law relating to the prefer-
ence of creditors within four months from date of filing the
petition in bankruptcy applies only where the creditor knows
or has reasonable cause to believe the debtor insolvent, and
this is a question of fact.

Withholding Mortgage from Record: AGREEMENT TO WITHHOLD;
PREJUDICE. A preference mortgage is not invalid as to other
3  creditors simply because unrecorded, but there must be a show-
ing that it was withheld from record by agreement or that
prejudice arises from failure to record same.

Cancellation of Mortgage: FUNDS IN HANDS OF TRUSTEE. Before
4  a trustee in bankruptcy can set aside a mortgage given by a
bankrupt he must show that the funds in his hands are in-
sufficient to satisfy the claims of creditors.

*Appeal from Buena Vista District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, JANUARY 31, 1903.

ACTION for the conversion of certain personal property, said to have been owned by one Martin Peterson, who has been adjudged a bankrupt by the federal courts. Defendants denied the alleged conversion, and pleaded that they held the property under certain chattel mortgages executed by Peterson. The case was tried to the court without a jury, resulting in a judgment for defendants. Plaintiff appeals.—*Affirmed.*

*I. W. Bane* and *James Deland* for appellant.

*F. F. Faville* for appellee.

DEEMER, J.—May 22, 1900, Martin Peterson was adjudged a bankrupt, and plaintiff was appointed trustee of his estate. On March 2, 1900, Peterson and wife executed a chattel mortgage on the property in controversy to the Miller & Cheney Bank to secure a sum of money due that bank. It is contended that this mortgage is invalid, because it gave defendants a preference over other creditors, in that it was executed within four months prior to the time Peterson, the maker, was declared a bankrupt; because, under the state law, it is invalid for the reason that it was not recorded; and for the further reason that the instrument created a trust, and was executed for the purpose of paying all of Peterson's debts. These are the main propositions in the case. The action being at law, and the findings of the trial court having the force and effect of a verdict of a jury, we must accept its conclusions as to the facts save where unsupported by any substantial evidence. The record fails to show that Peterson was in-

solvent when he made his mortgage to the defendants, or at least the trial judge was justified in holding there was not sufficient evidence on this point. Moreover, the trial court was fully justified in finding that, if Peterson was insolvent at that time, defendants had no notice or knowledge of his insolvency. But conceding, for the purpose of the case, that Peterson was insolvent, and that defendants knew it when they took the mortgage, this would not make a case under the state law, unless it further be found that defendants took their mortgage with

1. INSOLVENCY: fraud of mortgagor. intent to hinder, delay, or defraud Peterson's creditors. The trial judge was fully justified in finding there was no such intent. The claim that defendants held the property in trust does not seem to be made in the pleadings, and, if it were, the trial court was justified in finding that the mortgage was not made to secure all the creditors.

Paragraph "b" of section 60 of the bankrupt act [U. S. Compiled Statutes 1901, p. 3445], so far as material, reads as follows: "If the bankrupt shall have given a

2. PREFERENCE of creditors: knowledge of debtor's insolvency. preference within the four months before the filing of the petition. * * * and the person receiving it, or the party benefited thereby, or his agent acting therein shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." In *Boudinot v. Hamann*, 117 Iowa, 22, we held, following *Barbour v. Priest*, 103 U. S. 293 (26 L. Ed. 478), that this section applies only when the creditor knows, or has reasonable cause to believe, the debtor is insolvent. Whether or not the defendants had cause to believe their mortgagor insolvent was a question of fact for the court; and, as it evidently found that defendants had no such cause, and as this finding has support in the evidence, we shall not interfere. Moreover, it is shown that the mortgage in

question was a renewal of another instrument of like character which had been executed by Peterson to the defendants on November 8, 1899.   The exchange of these securities did not constitute a preference under the bankrupt law.   *Chattanooga National Bank v. Rome Iron Co.* (C. C.) 102 Fed. Rep. 755; *Sawyer v. Turpin*, 91 U. S. 114 (23 L. Ed. 235).

The evidence shows that the chattel mortgage in question was in fact recorded, but, if this were not so, plaintiff could not recover under the state law without showing

3. WITHHOLD-ING mort-gage from record: agree-ment to with-hold: prej-udice.

that it was withheld from the records by agreement, or that some prejudice resulted to creditors on account of its not having been filed for record.   Federal courts of bankruptcy apply the state rule.   *In re Schmitt* (D. C.) 109 Fed. Rep. 267; *In re Wright* (D. C.) 96 Fed. Rep. 187; *In re Tatem* (D. C.) 110 Fed. Rep. 519.   Plaintiff contends that the mortgage was not a renewal, but the district court was authorized to find that it was.   That the prior mortgage was not recorded is immaterial, save on the question as to whether the present one was executed for a present or past consideration.

Plaintiff also claims that the property received by defendants under this mortgage was worth more than the amount of their claim, and that he should have had judgment for the difference.   The testimony does not support this contention.   Evidence as to value of the property is exceedingly meager.   Such as we have does not indicate that defendants secured more than the amount of their claim.

Another aspect of the case is fatal to appellant's contention.   He does not allege, nor did he offer to prove, that the assets in his hands were insufficient to satisfy the

4. CANCELLA-TION of mort-gage: funds in hands of trustee.

claims of all creditors.   Under the federal bankrupt act a trustee has power to avoid any transfer which any creditor might have avoided.   A creditor could not have avoided this mortgage

without showing some fraud as to him. The mortgage was good as between the parties, and, unless some one was harmed, it should be permitted to stand. *Mueller v. Bruss* 112 Wis. 406 (88 N. W. Rep. 229. The case having been tried at law, and there being evidence in support of the judgment, there is nothing left for consideration except questions of law. The trial court may have decided the case on the last proposition, and, if it did, we should not interfere.

The judgment is AFFIRMED.