BEN V. KOHOUT, TRUSTEE, v. FRANK J. CHALOUPKA, SR., ET AL.

FILED JULY 3, 1903.   No. 13,009.

1. **Bankruptcy:** SECURED CREDITOR.  If a secured creditor of a bankrupt, whose security is insufficient, discloses his security in proving his claim before the referee, he may retain his security and share in the dividends as to the overplus.

2. **Creditors' Bill:** INTERVENTION.  The petition of a trustee in bankruptcy, asking to be substituted as party plaintiff in a creditor's bill filed by a creditor of the bankrupt who has filed his claim before the referee in bankruptcy, which does not allege that such creditor has waived his security, is insufficient to entitle the trustee to intervene and be subrogated to the rights of such creditor.

3. ———: ———.  Petition examined and *held* not to state facts sufficient to entitle the petitioner to intervene and prosecute the suit.

ERROR to the district court for Saline county: GEORGE W. STUBBS, DISTRICT JUDGE. *Affirmed.*

*J. A. Wild* and *A. N. Dodson,* for plaintiff in error.

*Archibald S. Sands, contra.*

KIRKPATRICK, C.

This proceeding is prosecuted from a judgment of the district court for Saline county sustaining a demurrer to a petition of intervention filed by B. V. Kohout, trustee in bankruptcy of the estate of Frank J. Chaloupka, Sr., in the case of *Charlotte S. Flint, administratrix,* against *Frank J. Chaloupka, Sr., et al.* The case named was one in the nature of a creditor's bill pending in the district court for Saline county. The petition there recited that the plaintiff, Charlotte S. Flint, was administratrix of the estate of James Flint, deceased; that on May 12, 1897, she, as such administratrix, recovered a judgment against Frank J. Chaloupka, Sr., and Joseph F. Chaloupka on a promissory note delivered to James Flint, in his lifetime, for $1,451; that execution had been issued upon the judgment and returned *nulla bona;* and then contained certain allegations as to fraudulent conveyances by the judgment debtors, and asked to have such conveyances set aside and the property subjected to the payment of her judgment. The judgment debtors and their alleged fraudulent grantees were made defendants in her suit.

On September 9, 1901, Kohout filed his petition of intervention, alleging his appointment and qualification as trustee in bankruptcy of the estate of Frank J. Chaloupka, Sr., who had been adjudged a bankrupt some time in 1899. His petition recited the pendency in the district court for Saline county of the action by Charlotte S. Flint, administratrix, plaintiff, against Chaloupka, and other defendants, the purpose of which was "to recover possession of the following described real estate," describing the property mentioned in the petition in that action, and then contained the following paragraph:

"Your petitioner shows to the court that the action was begun before bankruptcy proceedings were instituted, and the plaintiff herein (the administratrix) has filed her claim, and said claim was allowed by the referee in bankruptcy. Your petitioner is entitled, as trustee, to what-

ever interest the plaintiff herein may have in or to the above described premises, and is entitled to the immediate possession of the same.    Wherefore your petitioner prays that he may be a party plaintiff in said action and permitted to prosecute the same."

The defendants named, demurred to the trustee's petition for the reasons: (1) That the court has no jurisdiction of the subject matter; (2) because the petition did not state a cause of action against the defendants, or any of them, in favor of the said intervener.    This demurrer was sustained, and the question presented in brief of plaintiff in error is whether this ruling is correct.    There is no brief by defendants in error.

We are of opinion that the judgment of the trial court must be affirmed.    The record does not show that the administratrix, plaintiff in the creditor's bill, pleaded to the petition of the trustee; and she is not a party to this error proceeding, the only defendants in error being the demurrants, who were defendants in the suit brought by the administratrix.

The rule invoked by plaintiff in error to sustain his position is, of course, well settled, namely, that a creditor of a bankrupt may either directly or indirectly waive his security, and prove his claim as unsecured; as where a creditor, by judgment, execution, attachment or creditor's suit, proves his claim without disclosing his lien, in which event he will not subsequently be permitted to enforce it, but will be deemed to have waived it.

But in this connection, it is important to keep in mind that a secured creditor is not, under the bankruptcy law, forced to the alternative of either relying wholly on his security, or, abandoning that, prove his claim with other creditors.    It is, we think, settled by a number of authoritative adjudications that a creditor who has security for his debt, if that security is insufficient, may prove his claim for the overplus, and does not abandon his security if he makes a full disclosure of it and the value thereof.    Under such circumstances he may vote upon the choice of an

assignee upon such overplus. *In re Bolton,* Fed. Cas. No. 1,614.

So, where a creditor proves for the full amount of his claim, specifying the securities held by him for the debt, he may participate in the dividends to the extent that his claim is greater than the value of the security.

Recurring now to the language of the trustee's petition, it is there said: "That the plaintiff herein has filed her claim, and said claim was allowed by the referee in bankruptcy." Clearly, the mere allegation of the filing of her claim and its allowance by the referee is not sufficient to show that she waived her security, as she may have filed her claim without waiving her security. For all that appears from the trustee's petition, she may have appeared in the bankruptcy proceedings, as she had a right to do, only for the purpose of participating to the extent that her claim was greater than her security. The allegation that by filing her claim she waived her security was a material one, and the only presumption that may be indulged from its absence is that she did not waive her security. *Humphries v. Spafford,* 14 Neb. 488.

It would seem to be a matter of chief concern to the plaintiff in the creditor's bill suit, whether the trustee in bankruptcy should be permitted to intervene, and be substituted as party plaintiff. But the only question before us is whether the ruling of the trial court upon the demurrer interposed by the defendants in that suit is correct. The one question raised by the demurrer was whether the petition disclosed a right in the trustee to prosecute the suit against them.

They had a manifest right to raise this question. If the facts alleged were insufficient to entitle him to be made party plaintiff by substitution, the defendants against whom the suit was to be prosecuted were entitled to raise that question. It is always open to the defendant to question the right of the plaintiff to sue. The right of the intervening trustee to prosecute the suit depended upon whether or not the plaintiff had in fact waived her security,

the lien by her procured by the filing of her bill. In this material respect we have already found the petition insufficient. It follows that the ruling of the trial court should be affirmed, and it is recommended that the same be done.

DUFFIE and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is

AFFIRMED.