W. F. RONEY, Trustee in Bankruptcy, Appellee, v. E. W. CONABLE, ET AL., Appellants.

**Bankruptcy:** SUBJECTING PROPERTY TO CREDITOR'S CLAIMS. A trustee in bankruptcy, in an action to subject real estate in the name of defendants, to the payment of claims against the bankrupt, is not entitled to a decree in the absence of a showing that the property of the estate is insufficient to pay the claims proven against the bankrupt.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

PETITION in equity in the nature of a creditors' bill to subject certain real estate held in the name of E. W. Conable and Minnie A. Byrnes to the payment of claims held against E. B. Conable, E. A. Conable, Frank Byrnes, and a partnership composed of said Frank Byrnes and E. B. or E. A. Conable. There was a decree for plaintiff, subjecting the property to the payment of claims against the bankrupt, and E. W. Conable and Minnie A. Byrnes appeal.— *Reversed.*

*E. E. Hasner,* for appellants.

*H. W. Holman,* for appellee.

Per Curiam.— The petition does not state, in substance or effect, that the property of the estate in the trustee's hands is insufficient to pay his debts proved against the bankrupts. Neither is there any evidence in the record to show such deficiency. In the absence of both allegation and proof of this material fact, we think the law is well settled that plaintiff is not entitled to a decree. The case of *Deland v. Bank,* 119 Iowa, 368, seems to be directly in point upon this proposition. See, also, *Mueller v. Bruss,* 112 Wis. 406 (88 N. W. Rep. 229). The appellants at all times during the trial made proper exceptions to offers of evidence of matters not alleged in the pleadings, and in no way waived their right to insist upon the insufficiency of the allegations to warrant the relief prayed. It is unnecessary to consider other questions argued by counsel.

For the reasons stated the decree appealed from is *reversed.*