### J. W. SEAGER and Others v. MARTHA ARMSTRONG.[1]

#### July 14, 1905.[2]

#### Nos. 14,329—(156).

**Bankruptcy.**

In an action by trustees in bankruptcy to reach funds claimed to have been paid out by the bankrupt in fraud of his creditors, in order to constitute a cause of action, it is essential that the complaint allege:

(1) That the assets of the estate are not sufficient to discharge the liabilities.

(2) That the creditors existing at the commencement of the action were such at the time the fraudulent transfer took place, or, if subsequent creditors, that they were fraudulently affected thereby.

**Pleading.**

Complaint *held* defective upon demurrer.

Action in the district court for Watonwan county by plaintiffs as trustees of the estate of Moses K. Armstrong, bankrupt, to charge certain land in possession of defendant with a lien in plaintiffs' favor to the extent of moneys alleged to have been expended thereon by the bankrupt, and to foreclose such lien. The case was tried before Quinn, J., sitting for the judge of the Sixth judicial district, who found in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed, with permission to plaintiffs to amend complaint, in discretion of trial court.

*J. L. Lobben,* for appellants.

*W. S. Hammond* and *A. E. Clark,* for respondent.

---

[1] SAME v. SAME.

July 14, 1905.

Nos. 14,330—(157).

*J. L. Lobben,* for appellants.

*W. S. Hammond* and *A. E. Clark,* for respondent.

PER CURIAM.

This case is controlled by the decision in Seager v. Armstrong.

Order affirmed with permission to plaintiffs to amend the complaint in the discretion of the trial court.

[2] Reported in 104 N. W. 479, 480.

LEWIS, J.

It appears from the complaint that Moses K. Armstrong was engaged in the banking business at St. James, Minnesota, for about twenty years, until 1903, when he was adjudged a bankrupt. During 1898 certain lots located in St. James, and belonging to defendant, wife of Armstrong, were improved by building thereon a hotel with money furnished by him, and this action is brought by the trustees in bankruptcy for the purpose of securing a specific lien upon the property to the amount of the money so furnished. At the opening of the trial, defendant objected to the introduction of any testimony, for the reason that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, and the court proceeded with the trial, and made findings in favor of defendant. The correctness of the decision as to the validity of the complaint lies at the foundation of this appeal, and, if the point was well taken, it will be unnecessary to consider the other questions. The objection to the complaint is that it does not appear that there are any creditors of the Armstrong estate whose claims have not already been satisfied, and it does not appear that the aggregate assets of the estate are not ample to discharge all liabilities, if any exist, and, further, that the complaint fails to allege that Armstrong was indebted to any person at the time the money was furnished, or that any person who was a creditor at that time is now a creditor, or was at the commencement of this action.

The complaint contains simply general allegations that Armstrong was for the period of twenty years engaged in the banking business and in real estate transactions; that he received deposits of money as a banker, subject to check, and that he issued certificates of deposit, thereby becoming responsible to the depositors; that at the time he commenced the banking business he possessed very little property of any kind; that during all of the time he was insolvent, and November 24, 1903, he was adjudged a bankrupt; and that his wife, the defendant here, at all times knew his insolvent condition. It is then alleged that defendant was owner of the lots, and in 1898 they were in an unimproved condition, worth about $1,000; that Armstrong, with the knowledge and consent of defendant, erected thereon, with his own money and money received from his depositors, a hotel building at a cost of about $100,000. Then follows the allegation that he built and

equipped the same, well knowing he was insolvent, and with the intention of defrauding his creditors and preventing them from obtaining the satisfaction of their demands, all of which was known to defendant.

1. It will be observed that, so far as this complaint is concerned, there may be ample money in the hands of the trustees, to satisfy and discharge all of the liabilities of the estate, if there are any, which does not appear. That this is a fatal defect is directly decided in Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229. See also Deland v. Miller, 119 Iowa, 368, 93 N. W. 304; Roney v. Conable, 125 Iowa, 664, 101 N. W. 505.

2. The complaint not only fails to allege that Armstrong was indebted to any person at the time the money was furnished, but it also fails to state that, if there were any creditors, they continued as such at the time of the commencement of the action. There is no allegation that the money was paid out with the intent and purpose of fraudulently affecting the interests of subsequent creditors, even if it be assumed that there were any at the commencement of the action. Doubtless a transfer of property by an insolvent, when made for the purpose of deceiving a prospective creditor, who trusts the debtor upon the supposition that he was solvent, may be set aside as a fraud upon such subsequent creditor, as in Morrell v. Kilner, 113 Ill. 318, but no such facts are set forth in this complaint. In Fullington v. Northwestern I. & B. Assn., 48 Minn. 490, 51 N. W. 475, it was held that a subsequent creditor cannot avoid a conveyance to his debtor merely because it was made with intent to defraud creditors existing at the time of its execution. The same principle applies here. This disposes of the appeal.

Order affirmed, with permission to plaintiffs to amend the complaint, in the discretion of the trial court.