CHARLOTTE S. FLINT, ADMINISTRATRIX, APPELLEE, V. FRANK J. CHALOUPKA, SR., ET AL., APPELLEES; B. V. KOHOUT, TRUSTEE, APPELLANT.

FILED MARCH 5, 1908.    No. 15,512.

1. Intervention: LACHES. Section 901 of the code does not authorize a party to intervene after trial has commenced in a pending suit, if prior to the commencement of the trial he had the opportunity to intervene and lost it by his laches. Said section applies only where no remedy is afforded by the code, and not where the code afforded a remedy which has been lost by laches.

2. Bankruptcy: FRAUDULENT CONVEYANCES: PLEADING. In an action by a trustee in bankruptcy to reach real estate alleged to have been fraudulently aliened by the bankrupt, it is necessary for the trustee to allege that the assets of the bankrupt estate in his hands are insufficient to discharge the liabilities of the bankrupt estate.

3. ———: ———: ———. Where a judgment creditor of a bankrupt has, in a creditors' suit, obtained a decree setting aside as fraudulent a conveyance of real estate made by the bankrupt to his son, and the trustee in bankruptcy files a petition to intervene and claim the surplus proceeds of the sale of the real estate after the satisfaction of the judgment creditor's claim, it is necessary for the trustee to allege facts showing that the transfer of the real estate was fraudulent as to the creditors whom he represents.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*A. N. Dodson* and *Flansburg & Williams,* for appellant.

*J. H. Grimm & Son, Bartos & Bartos* and *Hall, Woods & Pound, contra.*

Good, C.

After the mandate had issued from this court in the case of *Flint v. Chaloupka,* 78 Neb. 594, and before judgment had been entered thereon by the district court for Saline county, B. V. Kohout, as trustee in bankruptcy of Frank J. Chaloupka, Sr., made a written application to be permitted to intervene in that action and to be made a party to the decree and have the benefit thereof, and offered to pay to the plaintiff, Charlotte S. Flint, as administratrix, such attorney's fees, advances, costs and expenses as she might have incurred in the prosecution of said suit, and prayed that he might be substituted as plaintiff in the action, and that, failing to make such order, the court should permit said trustee, after the satisfaction of plaintiff's claim out of the lands adjudged to have been fraudulently aliened, to take the surplus. His application was denied, and a decree was rendered in accordance with the mandate from this court. From the order denying his application to intervene, he has appealed to this court.

The question for determination is as to the sufficiency of the application to entitle the appellant to intervene and be made a party to that action and have the benefit of the decree. In order to have a clear understanding of the situation, some pertinent facts will be stated. In September, 1896, Frank J. Chaloupka, Sr., conveyed certain real estate to his son, Frank J. Chaloupka, Jr. In May, 1897, Charlotte S. Flint, as administratrix, obtained a judgment against Frank J. Chaloupka, Sr., upon which execution was issued and returned *nulla bona.* In September, 1898, Mrs. Flint, as administratrix, brought a creditors' suit in the district court for Saline county to set aside the conveyance of the real estate aforesaid and to subject it to the payment of her judgment. In September, 1899, and while the said creditors' suit was still pending, Frank J. Chaloupka, Sr., was adjudged a bankrupt upon his voluntary petition, and appellant herein

Flint v. Chaloupka.

was appointed trustee in bankruptcy. In October, 1899, a number of claims, including that of Charlotte S. Flint, as administratrix, were filed and allowed against the bankrupt estate. In September, 1901, said trustee in bankruptcy filed a petition in intervention in the district court for Saline county in said creditors' suit brought by Mrs. Flint, which was still pending and awaiting trial. In this petition he asked to be substituted for the plaintiff. A general demurrer was sustained to his petition. The trustee electing to stand upon his petition, judgment of dismissal was rendered. This ruling was afterwards affirmed in this court in *Kohout v. Chaloupka*, 69 Neb. 677. The creditors' suit was thereafter pressed to a final determination in the district court, resulting in a finding and decree adverse to the plaintiff with respect to the farm lands involved in the litigation. Upon appeal to this court, the judgment of the district court was reversed and the plaintiff awarded the relief prayed for. See *Flint v. Chaloupka, supra*. No further action was taken in the case by the trustee until after the mandate had been issued by this court. His first application to intervene was denied principally upon the ground that he did not allege that plaintiff had waived her security in filing and proving her claim before the referee in bankruptcy. In the present application he has remedied this defect. The first application was made before the commencement of the trial in the district court. The present application was made after the trial and after the judgment was ordered entered by this court.

Under section 50a of the code, any person who has or claims to have an interest in a matter in litigation may become a party to the action, either by joining the plaintiff in claiming what is sought by him, or by uniting with the defendant, or by demanding anything adverse to both plaintiff and defendant, either before or after issue has been joined in the action and before the trial commences. Under this section of the statute, it is apparent that appellant's present application to intervene comes too late.

But he seeks to avoid the force of this statute by claiming a right to intervene under section 901 of the code, which provides: "Rights of civil action given or secured by existing laws shall be prosecuted in the manner provided by this code, except as provided in the following section. If a case ever arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice." We think this section was clearly intended to apply to those cases only where no remedy is provided, or afforded, by the code, and that it is not intended to apply where an adequate remedy was afforded by the code, but which the party has lost by his own laches. Section 50a of the code, above referred to, afforded the trustee a complete remedy, and, as already shown, he made an ineffectual attempt to exercise the right there afforded. But his petition was defective, and a demurrer thereto was properly sustained. He did not ask leave to amend, or to file a good petition, but chose to stand upon the defective petition, and was properly dismissed out of court. Had he seen fit to file an amended petition setting up facts sufficient to entitle him to intervene, his rights would have been protected. He has no standing under section 901 and his application is, under section 50a, *supra,* too late to be of any avail.

There is another very potent reason why his application should have been denied. The petition of intervention does not allege that the trustee has not sufficient assets of the estate in his hands to pay the claims allowed and all other liabilities of the estate. In *Mueller v. Bruss,* 112 Wis. 406, it is held that it is necessary in such an action by a trustee to allege that he has not sufficient assets in his hands to satisfy the claims of the creditors, that the trustee has no rights superior to those of the creditors he represents, and, unless it is necessary for him to have the funds to discharge the liabilities of the bankrupt estate, he has no cause of action. The same rule is announced in

*Seager v. Armstrong*, 95 Minn. 414, *Roney v. Conable*, 125 Ia. 664, and *Deland v. Miller & Cheney Bank*, 119 Ia. 368. For aught that appears in the present application, the trustee in bankruptcy may have had sufficient property and funds in his hands with which to fully discharge every liability of the bankrupt estate which he represented. Counsel for appellant states in his brief that no property had come into the hands of the trustee, but this statement does not appear in the record. To entitle him to intervene, he must affirmatively state facts that would permit him to take the property to pay the claims of the creditors.

Appellant seeks to avoid the force of this rule upon the theory that he is not seeking to set aside a fraudulent conveyance of real estate, but is seeking to reach a fund that has arisen by reason of the decree entered in the creditors' suit, wherein the conveyance was held invalid. He proceeds upon the theory that the decree rendered divested Chaloupka, Jr., of all title and revested it in Chaloupka, Sr. We think this view is erroneous, because the conveyance from the father to the son was good as between them. The effect of the decree was to render that conveyance invalid only as to creditors who had been defrauded thereby. The effect of the decree was not to revest the elder Chaloupka with title to any of the land that was not necessary to satisfy the judgment of Mrs. Flint, and, if a surplus should exist after applying the proceeds of the sale to the satisfaction of Mrs. Flint's judgment and costs, such surplus would not belong to the grantor, but go to the grantee. Therefore, in order that the trustee might be entitled, under any circumstances, to reach this fund or the surplus, the creditors he represents must have had the right, if their claims were reduced to judgment, to set aside the conveyance. There are no facts set forth in appellant's petition which would show that the transfer would be fraudulent as to the creditors whom he represents. He has therefore failed to show that he had any right to any surplus that might exist.

It follows that the judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.