GERALD M. DREW, TRUSTEE, APPELLEE, v. WALTER P. MYERS, APPELLANT.

FILED MAY 21, 1908.     No. 15,179.

1. **Bankruptcy:** JURISDICTION. The state and federal courts have concurrent jurisdiction of an action brought by a trustee in bankruptcy to avoid a preference or to recover property fraudulently conveyed by the bankrupt. Of all other actions brought by the trustee to recover property belonging to the bankrupt, the state court has sole jurisdiction.

2. ———: PLEADING. Where a trustee in bankruptcy seeks to recover the property of the bankrupt in an action which the bankrupt might have prosecuted, but for the intervention of the bankruptcy, he is not required to allege that he has not sufficient assets of the estate in his hands to pay the liabilities thereof. Such allegation is only necessary when the action is brought to avoid a preference or fraudulent conveyance made by the bankrupt. *Flint v. Chaloupka*, 81 Neb. 87, distinguished.

3. **Evidence** examined, and *held* sufficient to sustain the finding of the trial court.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Britt & Cunningham,* for appellant.

*Richard S. Horton* and *Gerald M. Drew, contra.*

CALKINS, C.

The Keystone Coal & Supply Company was a corporation doing business in the city of Omaha, and was, by the district court of the United States for the district of Nebraska, adjudged a bankrupt upon an involuntary petition filed December 1, 1905. The plaintiff, who is the trustee appointed in said bankruptcy proceedings, brought this action against the defendant Myers and the City Savings Bank, charging that a deposit made by Myers in said bank was the property of said bankrupt. He alleges the insolvency of the defendant Myers, and asks to have said moneys declared the property of such bankrupt, and the defendant Myers restrained from withdrawing such funds from the bank, and the bank from paying out the funds to the defendant Myers or his order. The district court found for the plaintiff, and entered a decree in his favor, from which this appeal is prosecuted.

1. The defendant contends that the state court had no jurisdiction of this suit. Unless there is some provision in the bankruptcy act depriving the state courts of such jurisdiction it must be assumed. Until the amendment of 1903 to the bankruptcy act such actions could only be brought in the state courts. *Hicks v. Knost,* 94 Fed. 625, affirmed in 178 U. S. 541. Since the amendment of 1903, suits for the recovery of property under section 60, subd. *b,* and section 67, subd. *e,* may be brought in either the state or the federal courts. Subdivision *b* of section 60 relates to the recovery of property conveyed by the bankrupt in violation of the provisions of the act forbidding preferences, and is as follows: "If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable

by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction." U. S. Comp. St. (Supp. 1907), p. 1031.

Section 67e (U. S. Comp. St. [Supp. 1907], p. 1032) of the bankruptcy act refers to fraudulent conveyances made by the bankrupt, and provides that any state court which which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction of such actions. It is plain from the reading of these sections that, if this action was to avoid a preference or to recover. property fraudulently conveyed by the bankrupt, the state court would have concurrent jurisdiction with the federal court of the same. Of all other actions brought by the trustee to recover property belonging to the bankrupt the state court retains sole jurisdiction.

2. It is contended that the petition fails to state facts sufficient to constitute a cause of action, in that it does not allege that the property in the hands of the trustee is insufficient to discharge the debts of the bankrupt, and the case of *Flint v. Chaloupka*, 81 Neb. 87, is cited to sustain that position. The rule enunciated in *Flint v. Chaloupka* and the cases cited to support the same is restricted to cases brought by the trustee to avoid preferences or to recover property conveyed by the bankrupt in fraud of the creditors. The reason for the rule is that such actions are essentially in the nature of creditors' bills, and that the insufficiency of the property left in the debtor's hands after making fraudulent conveyances is an essential element of the right of the creditor to question such conveyances. Here the plaintiff claims that defendant's father, who was an officer of the bankrupt corporation, taking advantage of his position, withdrew or possibly embezzled some $500 of its funds, which he turned over to the defendant, his son, and which was by him deposited in the defendant bank. In such a case the

bankrupt, but for the appointment of the trustee, could have maintained this action to recover such money. We think it safe to say that the trustee of a bankrupt may maintain any action which the bankrupt might have maintained but for the intervention of the bankruptcy, and that it is not necessary in such a case for him to state that the property already in his hands is insufficient to pay the debts of the bankrupt. It is only when he brings an action which is in the nature of a creditors' bill that he is required to make such allegation.

3. The defendant insists that the evidence is insufficient to sustain the finding of the district court. It appears that J. F. Myers was the secretary of the corporation, and that his son; the defendant Walter P. Myers, was an employee thereof; that during the last days of the existence of the corporation, and while its financial dissolution was imminent, J. F. Myers overdrew his account with the corporation some $500 or $600, and that he paid practically the same sum to his son Walter, who deposited a like amount in the defendant bank. It is claimed that J. F. Myers was indebted to his son, the defendant, and that this money was paid in the discharge of such debt. It was also claimed that J. F. Myers received money from other sources; but, after making all possible allowances for money so received, the evidence is irresistible that the amount for which the district court finally rendered judgment, to wit, $433.12, was taken by J. F. Myers from the funds of the company, paid to his son, the defendant Walter, and by him deposited in the defendant bank. That this money was wrongfully taken from the corporation cannot be questioned; and that the defendant received the same, knowing the source from whence it came, can reasonably be inferred from the circumstances; and this inference is not satisfactorily overcome by the testimony of the defendant himself.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

51

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.