Edward J. Conquest, Trustee in Bankruptcy of the estate of

Benjamin Applebaum

*vs.*

Jacob Goldman.

Penobscot.    Opinion June 2, 1922.

*A trustee in bankruptcy occupies a dual position. He represents the debtor and also the creditors. In an action brought by such trustee to set aside fraudulent conveyances or transfers, constructively fraudulent because in violation of the Bulk Sales Law, he is not required to prove a deficiency of assets. In the instant case the question of value should have been submitted to the jury, as the alleged admission was ambiguous, and the price received for the stock was some evidence of value.*

In actions brought by a trustee in bankruptcy, being actions which the debtor could have maintained had bankruptcy not intervened, it has for obvious reasons never been necessary to prove deficiency of assets. But in actions brought by such trustee to set aside fraudulent conveyances or transfers constructively fraudulent because in violation of the Bulk Sales Law, actions which the debtor could not have maintained, prior to 1910 it was held that deficiency of assets must be proved. Since the amendment to the Federal Bankruptcy Act enacted in 1910, which provides that the trustee "shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly unsatisfied," neither a creditor nor a trustee is required to prove a deficiency of assets.

In the opinion of the court the question of value should have been submitted to the jury, the alleged admission being ambiguous, and the price for which the stock was actually sold being some evidence of value.

On exceptions by defendant. This is an action to recover the value of a stock of goods sold by the bankrupt to the defendant in violation of the Bulk Sales Statute. The defendant moved for a directed verdict for the reason that there was no evidence of deficiency of assets. This motion was denied and the defendant excepted. The plaintiff also moved for a directed verdict. This motion was granted, the presiding Judge ordering a verdict for $1,713.54, on the ground that the only evidence of value was the defendant's admission. To this ruling defendant reserved exceptions. Exception to direction of verdict sustained.

The case is stated in the opinion.

*George H. Morse and S. J. Levi,* for plaintiff.

*M. E. Rosen and George E. Thompson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. Trover by the trustee in bankruptcy of Benjamin Applebaum against the defendant who purchased from Applebaum his stock of merchandise without conforming to the conditions of the Bulk Sales Statute. The facts clearly bring the case within the provisions of that statute as construed in *Philoon* v. *Babbitt,* 119 Maine, 172. The Judge, therefore, properly directed that a verdict be returned for the plaintiff. But we think that he was not justified in taking the question of damages, i. e., value, from the jury and ordering a verdict for $1,713.54.

The examination of the defendant in the bankruptcy court was admitted in evidence. In the course of that examination a book was produced containing an inventory of the goods and the cost of the same to Applebaum. The cost thus shown was $1,669.31, which plus interest was the amount of the directed verdict. At the close of a long examination in the bankruptcy court the defendant answered "yes" to the following question: "The cost price of the goods to Applebaum as indicated by the figures in this book you considered a fair market value for such goods?" The defendant's answer

to this question was claimed to be an admission that the merchandise when bought by him was of that value, and upon such admission the directed verdict was apparently based.

When in the course of his testimony in the pending suit the defendant was asked about this alleged admission, he replied, "No, I didn't said it." The question asked was not free from ambiguity. The questioner of course had in mind the value of the second-hand stock when sold by Applebaum. But the defendant with little knowledge of law and an imperfect understanding of English might well have understood that "the fair market value of such goods" meant the market value of fresh goods when bought by Applebaum.

If his affirmative answer seems to be an admission that the second-hand stock when sold to him was equal in value to new goods when bought by Applebaum, we are of the opinion that, to use his own unschooled phrase, he "didn't said it" understandingly.

The burden was on the plaintiff to prove damages. The goods were sold by Applebaum to the defendant for $1,243.45, which is seventy per cent. of the cost of new goods. This selling price is some evidence of value which, in connection with other facts and circumstances, should have been submitted to the jury.

The defendant is entitled to a new trial on the question of damages. But he contends further that a verdict in his favor should have been directed. No evidence showing deficiency of assets was produced, and the defendant cites several cases holding that in the absence of such evidence neither a creditor nor a trustee in bankruptcy representing creditors can recover. But the amendment of 1910 to the Bankruptcy Act renders these cases obsolete.

A trustee in bankruptcy occupies a dual position. He represents the debtor. In actions that he brings in such capacity, i. e., actions which the debtor could have maintained had bankruptcy not intervened, it has for obvious reasons never been held necessary to prove deficiency of assets. *Drew* v. *Myers*, 81 Neb. 750; 116 N. W., 781. But the trustee also represents creditors. In this capacity he may maintain suits to set aside fraudulent conveyances (*Flint* v. *Chaloupka* 81 Neb., 87; 115 N. W., 535) or transfers constructively fraudulent because in violation of the Bulk Sales Law. *Philoon* v. *Babbitt*, supra.

In such cases it was held prior to the amendment of 1910 that the plaintiff must prove deficiency of assets. See *Mueller* v. *Bruss*, 112 Wis., 412; 88 N. W., 229.

But the amendment of 1910, Chap. 412, Sec. 8, 36 U. S. Statute, 840, provides that the trustee "shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." A creditor so circumstanced need not prove deficiency of assets. The fact that the execution has been returned unsatisfied is at least prima facie evidence of such deficiency. "The trustee is not required to allege in an action under this clause to recover property fraudulently transferred that a deficiency of assets exists." Collier on Bankruptcy, 11th Ed., Page 735.

In the case of *Kraver* v. *Abrahams*, 203 Fed., 782, the effect of the amendment is thus stated: "The rule laid down in the cases cited was based upon the ground that the trustee has no rights superior to the creditors whom he represents, and that, even if the transfer is fraudulent, there is no right to avoid it unless it appears that the assets of the bankrupt estate are insufficient to pay the creditors in full. The necessity, if it exist, to aver and prove a deficiency of assets, appears, however, to have been removed by the amendment of 1910, by which it is provided that as to all property not in the custody of the bankrupt court the trustee shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution returned unsatisfied. In other words, under the amendment, where a transfer is alleged to have been fraudulent as to creditors, and insolvency is alleged to have existed at the time, the trustee is in the position of a creditor who has proved by an execution returned unsatisfied that a deficiency of assets exists. There is, therefore, no necessity for its averment in the statement of claim."

The Judge correctly refused to direct a verdict for the defendant, but erred in taking the question of damages from the jury. It is not necessary to consider the other exceptions.

*Exception to direction of verdict sustained.*