JOHN E. MULRONEY v. ALICE McINTYRE AND ANOTHER.[1]

February 23, 1940.

No. 32,369.

L. P. Johnson, for appellant.

J. N. Johnson, for respondents.

HOLT, JUSTICE.

Action by the trustee in bankruptcy of Martin O. Peterson, a voluntary bankrupt, to recover an alleged preference. Upon the

1Reported in 290 N. W. 584.

pleadings and a stipulation of facts, the court made findings of fact and conclusion of law that the action be dismissed on the merits. Plaintiff's motion for amended conclusion of law or a new trial was denied, and he appeals.

In substance the findings of fact are: December 24, 1937, Martin O. Peterson filed in the United States district court at Fort Dodge, Iowa, his petition in bankruptcy, and on the 27th of that month was adjudged a bankrupt; that on January 27, 1938, plaintiff was appointed trustee of the bankrupt's estate, qualified, and obtained leave to bring this suit; that in an action pending in the district court of Yellow Medicine county, this state, defendant McIntyre, November 17, 1932, obtained a judgment for $1,885.85 against said Peterson and his wife, a transcript of which was filed and docketed June 19, 1936, in the office of the clerk of the district court of Lac qui Parle county, this state; that an execution upon said judgment, issued August 25, 1937, was placed in the hands of defendant Smaagaard, the sheriff of last named county, who on the next day by virtue of said writ levied upon the two-fifths interest of said Martin O. Peterson in the crops then growing on certain described land in said county and upon his interest in the cash rent under the terms of a lease between Peterson and one Schultz, his tenant, to satisfy $1,281.24, then unpaid on said judgment; that upon due notice said sheriff sold the property so levied upon to the highest bidder, and realized therefrom $777.60, above expenses, which sum he paid over to defendant McIntyre and returned the execution satisfied in that amount; that in obtaining said judgment and in levying the execution McIntyre was represented by her attorney, who at the time of such levy and sale had reasonable cause to believe "that said Peterson was then insolvent and that said levy, seizure, and sale under said execution would operate to give said defendant McIntyre a greater percentage of her said claim than other creditors of said Peterson of the same class"; and no demand was made on the defendant sheriff to release the levy made. The conclusion of law was that the cause be dismissed on the merits.

The assignments of error go to the proposition that the findings of fact require a conclusion of law that plaintiff have judgment for $777.60 against defendants instead of for dismissal. Defendant McIntyre's judgment was not a lien on the personal property of the judgment debtor Peterson until the levy, and since this levy was within four months of the filing of the petition in bankruptcy it was voidable in a plenary action, even though there had been a lawful sale prior to the bankruptcy, upon proof that such levy and sale operated as a preference under the provisions of § 60 (a and b) of the bankruptcy act (11 USCA, § 96 [a and b]). Had there been no more than a levy when the petition was filed by Peterson, the levy could have been vacated. Galbraith v. Whitaker, 119 Minn. 447, 138 N. W. 772, 43 L.R.A.(N.S.) 427. But upon the findings we are satisfied that the defendant sheriff is not liable. He executed a writ issued by a court of competent jurisdiction according to law and paid over the proceeds to the judgment creditor nearly a month before the petition in bankruptcy was filed. No one had demanded of him that the levy be released; nor had anyone claimed of him the money realized from the levy while it was in his hands.

We are also of the opinion that the findings of fact do not require a conclusion of law that plaintiff have judgment against defendant McIntyre for $777.60, or any other sum. The practice established in state courts governs cases brought therein by a trustee in bankruptcy to recover preferential payments as to pleading, proof, and findings. Exler v. American Box Co. 226 Pa. 384, 75 A. 661, 134 A. S. R. 1067. The trial court in its order denying the motion for amended conclusion of law or a new trial said:

"The complaint is devoid of any allegation showing any debt or debts outstanding against Mr. Peterson at the time he was declared a bankrupt, or that the herein involved judgment was listed by him in the bankruptcy proceedings as an existing undischarged liability, and the stipulated facts fail to specify either, and no

schedules of assets, debts, or liabilities were offered or received in evidence."

In the complaint it is alleged that the levy "operated to give such judgment creditor a greater percentage of her debt than other creditors of the same class." The finding and stipulation of facts is merely that the attorney of defendant McIntyre had reasonable cause to believe that the "levy would operate" so to do. In Seager v. Armstrong, 95 Minn. 414, 104 N. W. 479, we held that in an action by a trustee in bankruptcy to reach funds paid by the bankrupt in fraud of creditors the complaint must allege that the assets of the estate were insufficient to discharge the liabilities and that the creditors existing at the commencement of the action were affected by the fraudulent transfers. The trustee represents the creditors of the bankrupt as well when preferences are sought to be recovered as when funds have been paid or property transferred in fraud of creditors. The court in Hart v. Emmerson-Brantingham Co. (D. C.) 203 F. 60, held that a trustee in bankruptcy to recover a preferential payment made within four months of the filing of the bankruptcy proceeding must both plead and prove that the effect of the transfer was to enable the defendant to obtain a greater percentage of its debt than any other creditors of the same class. In that case the pleading was good, but the court said [203 F. 63]:

"The evidence fails to show what assets came into the hands of the trustee, and what creditors are entitled to participate in the distribution, and hence it is impossible to determine whether the return of the defendant's goods has resulted in giving it a greater percentage of its debt than has, or will be, paid to other creditors."

In other state courts the same rule is followed in actions brought by a trustee in bankruptcy to recover preferences made or suffered by the bankrupt under the provisions of 11 USCA, § 96 (a and b). Crary v. Kurtz, 132 Iowa, 105, 105 N. W. 590, 109 N. W. 452, 119 A. S. R. 549; Deland v. Miller & Cheney Bank, 119 Iowa, 368, 93 N. W. 304; Drew v. Myers, 81 Neb. 750, 116 N. W. 781, 17 L.R.A.(N.S.) 350; Flint v. Chaloupka, 81 Neb. 87,

115 N. W. 535; Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229. In Crary v. Kurtz, 132 Iowa, 105, 113, 105 N. W. 593, the court concludes:

"Because of the omission to prove that any claims had been established against the estate, the decree of the district court must be, and is, reversed."

In Flint v. Chaloupka, *supra*, the trustee in bankruptcy sought to intervene in a creditor's suit, but the court said [81 Neb. 90, 115 N. W. 536]:

"There is another very potent reason why his application should have been denied. The petition of intervention does not allege that the trustee has not sufficient assets of the estate in his hands to pay the claims allowed and all other liabilities of the estate."

Plaintiff cites Frank v. Stearns, 111 Neb. 101, 195 N. W. 949, 198 N. W. 480, where a demurrer to the amended petition of the trustee in bankruptcy to recover the value of goods returned to defendant by the bankrupt, within four months of the bankruptcy, was held rightly overruled. Under our practice the ruling could not be reviewed on appeal, for when the answer was interposed the demurrer was no longer in the case. But it is to be noted that the action was for the conversion of goods alleged to be the property of the bankrupt. It is not to set aside transfers made in fraud of creditors or to recover preference under the provisions of § 60 (a and b) of the bankruptcy act, recovery in both of which are for the benefit of creditors. If the trustee's action is simply to recover property of the bankrupt or its value, it matters not whether there are sufficient assets in the hands of the trustee to pay the liabilities. It would be no defense to the wrongdoer that the trustee does not need the recovery sought to liquidate claims allowed. In the instant case Peterson could have filed his petition in bankruptcy on defendant's judgment alone. Were she the only creditor no purpose would be served by compelling her to pay the trustee the amount collected on the judgment and then direct the trustee to distribute it to her. In

addition to Drew v. Myers, 81 Neb. 750, Breckons v. Snyder, 211 Pa. 176, 182, 60 A. 575, may be cited, where in a suit by a trustee to recover of a third party funds of the bankrupt it was urged that it was incumbent on plaintiff to show that there were unsatisfied creditors at the time of trial, the court said the objection "would not be without merit if a recovery had been sought because of a preferential transfer within the time prohibited by law."

Order affirmed.