FRANK B. COLEMAN, Trustee in Bankruptcy, Respondent, v. JACOB STOCKE, JR., Appellant.

St. Louis Court of Appeals, July 15, 1911.

1. **FRAUD: Corporations: Payment of Individual Debt with Corporate Funds: Sufficiency of Evidence.** In an action by a trustee in bankruptcy to compel an accounting for the bankrupt corporation's money, wrongfully appropriated in fraud of its creditors, evidence *held* to sustain a finding that funds of the corporation were used to pay the individual debts of. its president, in fraud of its creditors.

2. **CORPORATIONS: Payment of Individual Debt with Corporate Funds: Bills and Notes.** One receiving a check of a corporation in payment of the individual debt of the officer who drew the check is prima facie chargeable with notice that such officer is not authorized to use the corporate funds for that purpose, is bound to inquire as to the real situation, and is liable to account therefor in an action by the corporation.

3. **BILLS AND NOTES: Negotiation of Check: Holder in due Course: Fraud: Corporations.** An officer of a corporation presented to a personal creditor a check of the corporation for $16,000, payable to the order of "cash," and the creditor, after deducting $3500 in payment of an indebtedness owing to him by the officer, paid the balance of the proceeds to the officer. The creditor knew that the officer and the corporation were in a precarious financial condition. In an action by the trustee in bankruptcy of the corporation to compel the creditor to account for the funds of the corporation received by him, *held*, that the negotiation of the check by the officer of the corporation amounted to a fraud on its creditors, and that the evidence warranted a finding that defendant had notice thereof, as defined by section 10026, Revised Statutes 1909, and hence that he was not a holder of the check in due course.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*A. M. Frumberg* and *A. R. Russell* for appellant.

(1) The defendant was a holder for value of the check for the amount of which a recovery was had in this action. R. S. 1909, secs. 9995, 9996, 9999; Tiedeman on Bills and. Notes, sec. 113; Jennings v. Todd, 118 Mo. 296; Hamilton v. Marks, 3 Mo. 178; Hayes v. Robinson, 93 Mo. 122. (2) No title, right or interest in said check or its proceeds passed to the plaintiff as trustee in bankruptcy. Woodman on Trustees in Bankruptcy, 118; Security Warehousing Co. v. Hand, 206 U. S. 423; Hewit v. Machine Works, 194 U. S. 296; Thompson v. Fairbanks, 196 U. S. 516; Humphrey v. Tatman, 198 U. S. 91; York Mfg. Co. v. Cassell, 201 U. S. 344; Grant v. Bank, 97 U. S. 80; Stuckey v. Bank, 108 U. S. 74.

*Block & Sullivan* for respondent.

(1) Where an officer of a corporation draws a check in the name of the corporation in discharge of an individual debt, the creditor receiving it is chargeable with notice of the misapplication, and must refund to the corporation whatever he receives from it. Kitchens v. Teasdale, etc., Co., 105 Mo. App. 468; Leigh v. American, etc., Co., 205 Ill. 150; Rochester, etc., Co. v. Pavior, 164 N. Y. 281; Wilson v. Metropolitan, etc., Co., 120 N. Y. 145; Land & Cattle Co. v. Loan Co:, 65 Kan. 359; Hier v. Miller, 68 Kan. 258; Mt. Verd, etc., Co. v. McElwee, 42 S. W. 465; Bank v. Otterback, 112 Neb. 769. (2) Appellant was not a bona fide holder of this check, either under the law merchant or the negotiable instruments act. R. S. 1909, sec. 10022; Id. sec. 10025; Kitchens v. Teasdale, supra; Kipp v. Smith, 118 N. W. (Wis.) 848; Ward v. City Trust Co., 192 N. Y. 66.

NORTONI, J.—This is a suit by the trustee of a bankrupt estate for an amount of money belonging to the bankrupt which it is alleged defendant wrong-

fully appropriated to his use, in fraud of the bank-rupt's creditors. Plaintiff recovered and defendant prosecutes the appeal. A jury was waived and the issue tried before the circuit court. No instructions or declarations of law were asked or given and the only question with which we are concerned on appeal is the sufficiency of the evidence to support the finding for plaintiff.

It appears plaintiff is the trustee in bankruptcy of the estate of the Meier China & Glass Company, a corporation, which was adjudicated a bankrupt July 23, 1908, on a petition filed by the creditors of the corporation on June 15th of that year. One Fred C. Meier was president of the bankrupt corpor-ation and his brother, Alex R. Meier, was its secretary and treasurer. The evidence tends to prove that, nearly two years prior to the proceedings in bank-ruptcy against the corporation, Fred C. Meier, presi-dent of the company, personally borrowed $3500 from defendant and executed his demand note therefor, which was signed as well by his brother, Alex R. Meier, as surety. There is an abundance of evidence in the record to the effect that this obligation was the per-sonal debt of Fred C. Meier to defendant and not that of the corporation at all, and, as before stated, the note was signed by both Fred C. Meier and Alex R. Meier. It appears that on numerous occasions during the year and a half before the bankruptcy of the corpor-ation, defendant urged the two Meiers to pay the note, and that they were unable to do so. The corporation was insolvent, but it suffered a loss by fire, which re-sulted in the collection of about $28,000 on its policies. of insurance in the early part of June, 1908. This money was deposited in the National Bank of Com-merce in the city of St. Louis and checked against by the corporation until about $16,000 remained on June 8, 1908. On that day, the Meiers informed plaintiff they were ready to settle his note. By arrangement,

he met Mr. Alex R. Meier, the secretary and treasurer of the corporation, at the Planters Hotel and delivered the $3500 note to him whereupon Mr. Meier gave plaintiff the corporation's check for $16,000 on the National Bank of Commerce and instructed him to draw the money thereon and "pay us the difference between what we owe you in cash." This check was drawn against the funds of the corporation, deposited in the bank, and in the name of the corporation, by Alex R. Meier, its secretary and treasurer. The check, as before stated, was in the amount of $16,000 and payable to the order of cash. Defendant cashed the check and received $16,000 of the corporation's money therefor, from which he deducted $3500, the amount which Mr. Fred C. Meier owed him and for which Alex R. Meier was security, and paid the remainder thereof, $12,500, to Alex R. Meier at the Planters Hotel, where the parties met and had lunch together. So much appears from the admissions of defendant in proof, and it goes without saying that there is substantial evidence in the record to support the finding of the court.

As before stated, the corporation was insolvent at this time and the Meiers had been hard pressed for money for more than two years, as defendant well knew, for he says they had put off the payment of his note from time to time because of their inability to meet it. The note was finally paid, as above stated, on June 8th and seven days thereafter the proceeding in bankruptcy was instituted by the creditors, though the adjudication of bankruptcy against the corporation was not had until July 23d. The facts and circumstances stated afford an abundance of evidence in support of the finding that the transaction by which the $3500 of the corporation's funds was employed in paying the personal debt of its president is fraudulent as to the creditors of the corporation whose interests the trustee in bankruptcy

here represents. Where one receives the check of a corporation on its private funds in payment of the individual debt of the officer of the corporation who drew the check or in payment of a debt for which such officer is obligated, he is prima facie chargeable with notice that such officer is not authorized to use the corporate funds for that purpose and is bound to inquire as to the real situation. In other words, where such a creditor of the officer of a corporation so receives the check of the corporation for such individual debt and draws the money thereon, he does so at his peril and is liable to account therefor in an action by the corporation itself and, of course, in the event of its bankruptcy, at the suit of the trustee in bankruptcy who succeeds to the rights of the corporation in the premises for the benefit of its creditors. The law will not permit corporate funds to be thus misapplied by its officers for the individual benefit of its officers and conclude the matter as an innocent transaction when it appears the very medium by which the payment was made conveys notice on its face to the creditor of the individual officer that the funds employed are those of the corporation. [See Rochester, etc., Turnpike Co. v. Paviour, 164 N. Y. 281; Wilson v. Met., etc., R. Co., 120 N. Y. 145; Kitchens v. Teasdale Commission Co., 105 Mo. App. 463, 468, 79 S. W. 1177; Leigh v. American Brake-Beam Co., 205 Ill. 147, 150, 151.]

But it is argued that, as the check by which the payment was made to defendant was drawn by the corporation, payable to the order of cash, and not directly to defendant, defendant should be treated as a holder thereof in due course at the time he cashed it. It is said that he gave value therefor, in that he surrendered and canceled his debt of $3500 and repaid $12,500 of the money to Alex R. Meier, and that Meier from whom he received the check was presumptively a holder for value in due course. We see

nothing in the argument suggested which so relieves the situation for defendant as to place it beyond the pale of the finding of bad faith. No instructions or declarations of law were given, but the court found the issue for plaintiff as though defendant was not a holder of the check in due course at the time he cashed it. Under the Negotiable Instrument Law (Sec. 10022, R. S. 1909), a holder in due course is required to be not only one for value but one in good faith·as well and, furthermore, one who at the time the instrument was negotiated to him had no notice of an infirmity in the instrument or defect in the title of the person negotiating it. By section 10025, it is provided that the title of a person who negotiates an instrument is defective, within the meaning of the law, when he obtained the instrument by fraud or other unlawful means or when he negotiates it in breach of faith or under such circumstances as amounts to fraud. Section 10026 says: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

There can be no doubt that Alex R. Meier, by thus negotiating the check of the insolvent corporation, payable to cash, for the purpose of applying either a portion or all of the funds to the payment of the individual debt of himself and his brother, acted not only without authority of the corporation but in a breach of faith and under such circumstances as amounted to a fraud on the corporation and its creditors. This being true, his title to the check was defective under the plain terms of the statute and the evidence amply supports the finding that defendant had notice thereof sufficient to satisfy the provisions of section 10026. Defendant

knew the Meiers and their business concern was in a precarious financial condition, for he says, though he had "bombarded" them frequently, they had been wholly unable to raise the money to pay his note for eighteen months before. The mystery surrounding the meeting of defendant and Fred C. Meier at the Planters Hotel, by arrangement, at which defendant received the corporation's check for $16,000 with instructions to collect the whole and pay over $12,500 suggests that defendant knowingly participated in a transaction not entirely fair on its face and above all defendant knew he was receiving the corporation's funds for an individual debt, for the corporation's check negotiated by its officer therefor suggested so much on its face.

There is enough in the evidence to afford a reasonable inference in support of the judgment that at the time defendant accepted the check with the instructions and for the purposes mentioned he had knowledge of sufficient facts suggesting the infirmity or defect of Fred C. Meier's title thereto to justify the court in finding the transaction on his part as one in bad faith. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.