D. S. MAYHEW, Trustee in Bankruptcy of VAUGHN
H. TODISMAN, v. HATTIE F. TODISMAN,
Appellant.

**Division One, November 30, 1912.**

1. **STATUTES: Amendment: Prior Judgment.** The amendment
of 1909 to Sec. 650, R. S. 1899, does not affect a judgment pre-
viously entered.

2. **BANKRUPTCY: Trustee's Title: Sec. 650, R. S. 1899.** A trus-
tee in bankruptcy has no "title, estate or interest" in land
alleged to have been fraudulently conveyed by the bankrupt
which will entitle him to maintain an action under Sec. 650,
R. S. 1899.

3. ———: ———: **Suit to Set Aside Fraudulent Conveyance.** A
petition by a trustee in bankruptcy to set aside a fraudulent
conveyance by the bankrupt, must affirmatively show that the
property is needed to pay the claims filed against the bankrupt
debtor.

4. ———: ———: ———: **Failure to Record Deed.** Where prop-
erty was conveyed to a son and by him to his mother, and the
deed to the son was recorded, the failure of the mother to record
the deed from her son would not vitiate it nor give existing
creditors a right to complain, although she could not claim the
property against those who may have given the son credit on
his apparent ownership.

5. ———: ———: ———: **Change of Date in Deed.** An alteration
in the date of a deed from a son to his mother, made after ac-
knowledgment but before record, will not avoid it as to sub-
sequent creditors of the son, unless it was part of a scheme
to give the son a fictitious credit.

Appeal from Barry Circuit Court.—*Hon. F. C.
Johnson*, Judge.

REVERSED.

*John T. Burgess* for appellant.

(1) Plaintiff's petition entirely fails to state
facts sufficient to constitute a cause of action. It is
not alleged in the petition that plaintiff claims any

title, estate or interest in the property mentioned
therein, either as owner of the property, or that he
claims the interest and title of the said Vaughn H.
Todisman by reason of being the trustee of said Todis-
man, which is necessary under Sec. 650, R. S. 1899,
now Sec. 2535, R. S. 1909, upon which section plaintiff
founds his action.   Under the above statute the plain-
tiff must state his interest in the property, and he
has failed to do so in the petition filed in this case.
Shelton v. Horrell, 232 Mo. 358.   (2)  Before plaintiff
on behalf of the creditors of Vaughn H. Todisman
would be entitled to have the deed to defendant set
aside upon the ground of her failure to have placed
it upon record it devolved upon him to prove that be-
cause of such failure a fictitious credit was given to
Vaughn H. Todisman, and upon which a creditor or
creditors relied to his or their damage.   And there is
no such evidence in this record.   Gentry v. Field, 143
Mo. 399; Bank v. Newkirk, 144 Mo. 472; Wall v. Beedy,
161 Mo. 625; Clark v. Lewis, 215 Mo. 173.   The mere
withholding a deed or mortgage upon land from record
will not *ipso facto* vitiate the instrument.   It is only
when the withholding the instrument from record gives
the grantor, upon the faith of the ownership by him
of the property conveyed a fictitious credit, and some
one has thereby been misled to his injury; that such
failure to record will be held fraudulent.   Bank v.
Buck, 123 Mo. 141; Bank v. Doran, 109 Mo. 40; Bank
v. Frame, 112 Mo. 515; Bank v. Rohrer, 138 Mo. 369;
Gentry v. Field, 143 Mo. 399; Clark v. Lewis, 215 Mo.
173.

    *Sizer & Kemp* for respondent.

    BROWN, C.—The petition, filed May 20, 1908, is
entitled as above, and, omitting caption, the descrip-
tion of one lot, not in controversy here, and signa-
ture, is as follows:

"The plaintiff, D. S. Mayhew, represents to the court that upon the ——day of December, 1907, Vaughn H. Todisman filed his petition in the district court of the United States for the judicial district of Missouri, Southwest Division, and therein prayed to be declared bankrupt; that on the 18th day of December 1907, the said Vaughn H. Todisman was duly adjudged a bankrupt in said cause; that on the 8th day of January, 1908, the plaintiff, D. S. Mayhew, was duly appointed by said court trustee in bankruptcy; and thereupon accepted the trust and qualified; that on the—— day of April, 1908, plaintiff as such trustee filed his petition in said United States Court for an order to institute in behalf of all creditors of said Vaughn H. Todisman, an action in the Barry County Circuit Court, to set aside certain deeds executed by said Vaughn H. Todisman to Hattie F. Todisman to certain real estate hereinafter mentioned; that on the 21st day of April, 1908, Hon. A. E. Spencer, a referee in bankruptcy of said United States District Court, heard said petition and ordered that said petition be sustained and plaintiff D. S. Mayhew, trustee as aforesaid, authorized and empowered to institute and prosecute this action for the purposes aforesaid, the premises considered. This plaintiff, D. S. Mayhew, trustee, for his cause of action states, that Hattie F. Todisman is the lawful wife of M. Y. Todisman; that Vaughn H. Todisman is her son; that said Vaughn H. Todisman is the owner in fee simple absolute, in and to the following described real estate, lying, being situated in the county of Barry and State of Missouri, to-wit: Lot three (3) in block five (5) original townsite of Monett, Missouri, and that defendant Hattie Todisman claims, so plaintiff D. S. Mayhew is informed and believes, title to the above described real estate in fee by reason of certain deeds from Vaughn H. Todisman to Hattie F. Todisman conveying to her the above described real estate, which deeds of con-

veyance, plaintiff asserts and charges to be fraudulent and void by reason of having been made in fraud of creditors of the said Vaughn H. Todisman.

"Wherefore plaintiff, D. S. Mayhew, trustee in bankruptcy as aforesaid, prays the court to ascertain and determine the estate, title and interest of said parties hereto respectively in and to the above described real estate, and to ·determine and adjudge by its judgment as provided by Sec. 650, R. S. of Missouri, 1899, the title, estate and interest of the parties severally hereto in and to said above described real estate and for all other relief."

The evidence, including the original deeds which are presented to this court by the parties for examination, shows that on the 15th day of December, 1902, two deeds were drawn, signed by the respective grantors and acknowledged before D. N. Jewett, justice of the peace for Barry county. One was a warranty deed from M. Y. Todisman and wife, the father and mother of Vaughn H. Todisman, the present bankrupt, to their said son, and was filed for record on the 26th day of March, 1903. The other was a warranty deed from the latter to his mother, and was never filed for record in the form in which it was originally signed and acknowledged, but on the 30th day of January, 1906, the date, both in the body of the deed and in the acknowledgment, was erased, and the last named date substituted, and it was filed for record, as so changed, on the second day of February following. In the meantime Vaughn H. Todisman mortgaged the lot for $337, which was raised and used in the construction of a party wall in connection with the owner of an adjoining lot. He and his mother explain the alteration in the deed by saying that this mortgage was made by the son because it was ascertained that the record title was in him and that when it was determined to record the deed they consulted Mr. Jewett, who advised the alteration as af-

fording a solution of that difficulty. Although Mr. Jewett's deposition was read upon the trial, both parties seemed to avoid all mention of the circumstance in his examination, but the deeds speak for themselves, and in view of the fact that his certificate and signature are not questioned on either deed, his silence, with the acquiescence of both parties, authorizes the assumption that both deeds were delivered on the same day. There is no suggestion in the record that Vaughn H. Todisman became indebted to any considerable extent before 1906. The parties, in their testimony, explain the execution of the two deeds by the statement that the mother having furnished the greater part of the money with which the land had been paid for, this method was pursued to transfer to her the title, the son having no other connection with the transaction than as a mere conduit, and that she failed to record her deed at first for lack of the money to pay the fee, and then through pure neglect. None of the papers or records of the bankruptcy proceedings are in evidence and no attempt was made to show the condition of the bankrupt's estate at the time this suit was instituted.

The final judgment was entered September 29, 1908. It cancels the deed which was changed as above stated and recorded February 2, 1906, and decrees the title to the lot to be in Vaughn H. Todisman in fee.

Motions for a new trial and in arrest of judgment raising the questions presented here for our determination, were filed by defendant and overruled by the court.

This suit is, by the averments of the petition, founded expressly upon the provisions of section 650 of the Revised Statutes of Missouri, 1899. The judgment from which the appeal is taken was entered in 1908, and is consequently unaffected by the amendment of

1909. The question, therefore, suggests itself whether or not the trustee in bankruptcy, who is suing to make the property in controversy available to the creditors of his bankrupt, has selected a remedy available for that purpose; and, if so, whether his petition presents a theory which entitles him to the relief embodied in the judgment.

He depends for his title entirely upon the provisions of Sec. 70 of the Bankrupt Act (30 Stat. L. 565), which provides that he shall "be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, . . . to all property transferred by him in fraud of his creditors."

This does not avoid the title of the fraudulent grantor. [In re Mullen, 101 Fed. 413.] Nor does it give him a right of action to have the fraudulent conveyance set aside in equity, because the bankrupt had no such right. It is simply such a title as is necessary to enable a creditor to avail himself of the property, under proper circumstances, in satisfaction of his debt. To this end the trustee is made by the same section (70e) the representative of any creditor entitled to the remedy. It provides as follows: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication." While the creditor cannot avail himself of this remedy, under ordinary circumstances, without obtaining a judgment at law upon his claim, his right to sue at law being arrested by the petition in bankruptcy, it seems reasonable to permit the trustee to protect the right of which the proceeding might otherwise deprive him, but this subdivision does not authorize the trustee

to avoid a transfer, unless some creditor by proper proceeding might have avoided it in his own favor. [In re Economical Printing Company, 110 Fed. 514.] He represents the creditor, who, in this case, where no lien is in question, has no greater interest in the property than he would have, had the paper title remained in Vaughn H. Todisman, and the bankruptcy proceeding had not intervened. Argument is not needed to demonstrate that in such case the general creditor has no "title, estate or interest" in the land which entitles him to bring the debtor into court under the provisions of section 650, to obtain a judicial declaration that he may proceed, by judgment and execution, to avail himself of it for the collection of his debt.

If, however, we disregard the statement that the trustee is proceeding under the provisions of a statute which he has no power to invoke, and examine his petition for the purpose of ascertaining whether it states facts sufficient to constitute the cause of action which the Bankrupt Act authorizes him to pursue, we find it equally insufficient. Although it states that his bankrupt "is the owner in fee simple absolute" of the property in question, and that he is informed and believes that the defendant claims title in fee to the same "by reason of certain deeds from Vaughn H. Todisman to Hattie F. Todisman . . . which deeds of conveyance plaintiff asserts and charges to be fraudulent and void by reason of having been made in fraud of creditors of (the said) Vaughn H. Todisman," it stands upon the title of the bankrupt, and fails to state facts showing that the trustee has the right to proceed in behalf of any such creditor. He has no right superior to that of the creditor whom he represents. Admitting that the conveyances under which the defendant claims are fraudulent, no right to avoid them exists unless the property is needed to pay the claims filed against the bankrupt debtor,

and this should be shown affirmatively by the petition. [Muller v. Bruss, 112 Wis. 406; Prescott v. Galluccio, 21 A. B. R. 229.]

The plaintiff proved, as a necessary part of his case that Vaughn H. Todisman acquired the property involved in this controversy by warranty deed from M. Y. Todisman and his wife, the defendant here, without the payment of any valuable consideration therefor. It was also in evidence that this conveyance was a part of an arrangement by which the title to the lot was to be conveyed from M. Y. Todisman, the husband, through the present bankrupt to this defendant, his mother, and that, on the same date and at the same time, another deed was executed by the grantee in the first, who was a single man, to his mother. Were this true, and we have no reason to doubt it, especially in view of the fact that it took place several years before the bankrupt had become indebted, or contemplated the business which resulted in his indebtedness, so far as the evidence shows, the deeds would constitute a full and mutual consideration for each other, and no creditor then existing, or who might thereafter sustain that relation, would have any reason to complain. The omission of the defendant to record her deed would not vitiate it, nor give existing creditors a right to complain. As to subsequent creditors, "it is only when the withholding the instrument from record gives the grantor, upon the faith of the ownership by him of the property conveyed, a fictitious credit, and *some one has thereby been misled to his injury,* that such failure to record will be held to be fraudulent." [Clark v. Lewis, 215 Mo. 173, 187-188 and cases cited.] Nor would the alteration of the deed by changing the date, in 1906, have the effect to divest the title conveyed by it in 1902, nor would that be fraudulent as to any class of creditors, unless it was a part of a scheme, participated in by the grantee to give her son a fictitious credit. In such cases she

would be estopped from claiming otherwise than according to the terms of the changed deed against those creditors who had incurred the relation by reason of the false impression so produced. [Potter v. Adams, 125 Mo. 118 and cases cited.]

We have referred so fully to the facts in evidence to show that while the petition, founded as it is upon the assertion that Vaughn H. Todisman is the owner in fee simple absolute of the land in controversy, is inconsistent with the assertion that he has conveyed that title, even for the purpose of defrauding his creditors, the evidence, as we understand it, does not tend to support either of these theories, so that it suggests no issue that could properly be included by amendment were the case remanded for further proceedings. [Carter v. Dilley, 167 Mo. 564.] The judgment of the Barry County Circuit Court is therefore reversed.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the Judges concur.