Coleman v. Dana.

FRANK B. COLEMAN, Trustee, Respondent, v, CHARLES T. DANA, Appellant.

St. Louis Court of Appeals, May 4, 1915.

1. **BANKRUPTCY: Setting Aside Nonfraudulent Transfers: Right of Action by Trustee.** Under the Bankruptcy Act of July 1, 1898 (Ch. 541, sec. 70, 30 Stat. at Large, 565), providing that the trustee in bankruptcy shall be vested with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all property transferred by him in fraud of creditors, and authorizing him to avoid any transfer by the bankrupt which any creditor might have avoided, and recover the property so transferred, or its value, a trustee is vested with title to property transferred by the bankrupt only where the transfer is in fraud of the bankrupt's creditors, and may avoid a transfer by the bankrupt only when a creditor, in a proper proceeding, might have avoided it in his own favor; and hence a trustee in bankruptcy of a corporation, which had purchased its own stock with corporate funds, may not recover from the seller on mere proof that the seller knew, or had reasonable grounds to believe, that corporate funds were used for the purchase of the stock, but he must show that the payment for the stock was fraudulent as against creditors of the corporation.

2. **APPELLATE PRACTICE: Disposition of Case on Appeal: Findings.** The appellate court cannot find facts essential to sustain a judgment rendered under an erroneous view of the law by the trial court, which did not find such facts.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Eugene C. Tittmann* for appellant.

(1) In order to recover funds of a corporation paid by an officer of the corporation and alleged to have been misappropriated, it must be conclusively shown that the one so receiving the funds had knowledge of the fact that the funds so received were funds of the corporation. Roan v. Winn, 93 Mo. 503; St. Charles Saving Bank v. Edwards, 243 Mo. 553; Coleman, trustee, v. Stocke, 159 Mo. App. 43. (2) All the stockholders of a corporation may consent to an appropriation of an asset by an official if the appropriation would not work a detriment to creditors. There is no evidence in the suit at issue to show any detriment to creditors. Jorndt v. Hub & Spoke Co., 112 Mo. App. 341; Coleman, trustee, v. Stocke, 159 Mo. App. 43; Coleman, trustee, v. Hagey, 252 Mo. 102; Warren v. Mayer Fertilizer & Junk Co., 145 Mo. App. 558. (3) Before a trustee in bankruptcy can recover funds of a corporation alleged have been misappropriated by an officer of the corporation it must be shown that the corporation was insolvent at the time of the alleged misappropriation as the assets of a corporation do not become a trust fund for the benefit of creditors until insolvency and this fact must be proven. Jorndt v. Hub & Spoke Co., 112 Mo. App. 341; Hageman v. Railroads, 202 Mo. 249; Milling Co. v. Commission Co., 128 Mo. 473; Coleman, trustee v. Hagey, 252 Mo. 102. (4) Fact of bankruptcy is no evidence that the company was insolvent at a prior date. Swartz v. Frank, 193 Mo. 438. (5) A trustee in bankruptcy is vested with the title of the bankrupt to all property transferred by the bankrupt in fraud of creditors, and to all property which, before the filing of the petition in bankruptcy, might have been levied on and sold by judicial process against the bankrupt; the trustee may avoid any transfer by the bankrupt of his property, which any creditor of the bankrupt might have avoided, and may

recover the property so transferred or its value. He cannot avoid a transfer unless some creditor, by proper proceeding, might have avoided it in his own favor. Coleman, trustee, v. Hagey, 252 Mo. 102, 122; National Bankrupt Laws, 1898, secs. 70a and 70e.

*Lee W. Grant* and *Leahy, Saunders & Barth* for respondent.

(1) The law is well settled in this State that a corporation cannot purchase its own stock because the statute itself provides the only way in which a corporation can reduce the amount of its capital stock. Boley v. Development Co., 126 Mo. App. 116, and cases cited; St. Louis Raw Hide Co. v. Hill, 72 Mo. App. 142; Roan v. Winn, 93 Mo. 503; St. Louis Carriage Mfg. Co. v. Hilbert, 24 Mo. App. 338. (2) The funds of a corporation cannot be used for the private purposes of an officer thereof. The person receiving the benefit of such use of the funds, who knows or who has reasonable grounds to believe that to be the fact, or who is put upon notice and could by inquiry ascertain such fact, is liable to the corporation. Bank v. Edwards, 243 Mo. 553; Bank v. Orthwein Co., 160 Mo. App. 369; Coleman v. Stocke, 159 Mo. App. 43.

ALLEN, J.—This is an action instituted by the plaintiff, trustee in bankruptcy of the George D. Allen Paper Company, a corporation, to recover from defendant the sum of $2137 alleged to have been paid defendant out of the corporate funds of said corporation in the purchase of certain shares of its capital stock.

The petition avers that on February 8, 1911, a petition in bankruptcy was filed against the corporation by sundry creditors, and that on February 28, 1911, it was duly adjudicated a bankrupt, and thereafter plaintiff was chosen trustee of the bankrupt estate and had duly qualified and was acting as such. And it is al-

leged that on September 20, 1910, the defendant was, and had for a long time prior thereto been, the owner of certain shares of the capital stock of such corporation, and was on the day last mentioned also a director thereof; that on said day the corporation, being then insolvent, purchased from defendant the shares of stock so owned by him, for the price and sum of $2137, which was paid to defendant by said corporation; "that defendant knew that the said moneys paid to and re-received by him were funds belonging to the said George D. Allen Paper Company;" and that by reason of the premises defendant became liable to the corporation, or to this plaintiff as trustee in bankruptcy thereof, for the repayment of said sum, for which judgment is prayed.

The answer admits the adjudication in bankruptcy and the election of plaintiff as trustee of the bankrupt's estate, states that in the year 1910 defendant owned an equity in certain shares of stock in the corporation, and denies generally the other allegations of the petition.

The trial before the court, without the intervention of a jury, resulted in a finding for plaintiff and judgment in his favor in the sum of $2222, from which defendant prosecutes this appeal.

The evidence adduced tends to show that the defendant had been connected with the corporation in question for a period of about fourteen years, being in its employ as a salesman; and that in June, 1910. he became a director and vice-president thereof. On August 29, 1910, he severed his connection with the company. He testified that he was "fired" at this time because he refused to sign the minutes of a director's meeting, without being permitted to read them. Whether or not he actually resigned as an officer and director does not clearly appear. The company was originally the Garnett & Allen Paper Company, its name having been later changed. Seven or eight

years prior to the transaction here in question defendant purchased some stock in the company for a part of the purchase price of which he gave his personal notes, one to Mr. Allen and one to Mr. Garnett, officers of the company, indorsing the stock over as collateral security for the payment of such notes. It is said that later Mr. Allen, who was president during the period with which we are concerned, acquired the stock originally held by Mr. Garnett. It appears that these notes were in fact turned over to the company and carried by it as bills receivable; and the matter remained in this shape up to September 20, 1910.

Shortly prior to the last-mentioned date defendant having then been out of the company's employ less than a month, came into possession of a letter of date March 8, 1910, written by Allen, as president of the corporation, to one of its customers, from which it appeared that large sums of money had been improperly diverted from the company's treasury. Defendant thereupon consulted an attorney, who demanded of Allen permission to inspect, for his client, the corporation's books. This demand was not complied with; and it appears that defendant's said counsel met Allen and the latter's counsel, and after some discussion Allen agreed to purchase defendant's stock for the sum of $2137; and on the following day the sale was consummated. Defendant signed a receipt acknowledging the receipt of $2137 from the corporation, ''in full payment of all demands, including salary.'' There is testimony, however, to the effect that the receipt was thus drawn at the request of Allen for the reason that defendant had claimed a small balance due on salary account. It appears that defendant's counsel refused an uncertified check of the corporation in payment of the stock, demanding cash; and that thereupon Allen obtained a check of the corporation which he cashed and with the proceeds paid to defendant's attorney the amount agreed upon. And the evi-

dence is that after this transaction with defendant the corporation carried the stock, which had thus been purchased from defendant, as "treasury stock."

The court refused a number of declarations of law requested by plaintiff and gave two of its own motion. The first of these proceeds upon the theory that in order to find for plaintiff it was sufficient to find that the money paid by Allen to defendant for the stock came out of the funds of the corporation, that Allen had no authority to use such funds other than his general authority as president of the corporation, and that the defendant either knew or had reasonable ground to believe that the money thus paid to him was money belonging to the corporation.

The second declaration of law is as follows: "The court declares, as a matter of law, that it is not necessary to a recovery by plaintiff under the facts hypothesized in the foregoing instruction that plaintiff should either allege or prove that said corporation was insolvent on the 20th day of September, 1910, and that defendant knew, or had reasonable ground to believe that such was the fact."

The evidence establishes beyond doubt that funds of the corporation were used to purchase from defendant the stock in question. And there is ample evidence to sustain a finding that defendant knew, or had reasonable ground to believe, that such was the fact. The trial court rendered judgment for plaintiff upon the theory that, with these facts established, the trustee in bankruptcy was entitled to recover back the monies of the corporation thus expended. But we think that the court erred in holding that in order for plaintiff to re cover it was unnecessary to allege and prove anything beyond facts hypothesized in the first declaration of law. The theory pursued by the learned trial judge might be well enough were it a case where the corporation itself, or its stockholders in a proper case, repudiating an unauthorized act of an officer of the corpora-

tion in diverting its funds for the purchase of its. stock, sought to recover the funds thus diverted. But the case before us proceeds upon the theory that the corporation purchased the stock. The petition so avers; and plaintiff's evidence tends to so show. The company issued its check to pay the amount agreed to be paid defendant, acquired the stock, and thereafter, until bankruptcy intervened, carried the same upon its books as treasury stock. Under the circumstances we are of the opinion that the trustee cannot maintain this action without pleading and establishing facts which would have entitled creditors of the corporation to assail the transaction as being in fraud of their rights.

Section 70 of the Bankrupt Act (30 Stat. L. 565) provides that the trustee shall ''be vested by operation of law with the title of the bankrupt as of the day he was adjudged a bankrupt, . . . to all property transferred by him in fraud of his creditors.'' And section 70e provides that ''the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value,'' etc. The trustee is vested with title to property transferred by the bankrupt only where such transfer is in fraud of the bankrupt's creditors, and may avoid a transfer by the bankrupt only when some creditor, in a proper proceeding, might have avoided it in his own favor. [See Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Mayhew v. Todisman, 246 Mo. 288, 151 S. W. 436; Blake v. Meadows, 225 Mo. l. c. 46, 123 S. W. 868; In re Economical Printing Co., 110 Fed. 514; In re Mullen, 101 Fed. 413.]

The decision of this court in Coleman, Trustee, v. Stocke, 159 Mo. App. 43, 139 S. W. 216, in part relied upon by respondent, is not out of harmony with the cases cited above, for there the corporation in question was insolvent, and the transaction involved was one in fraud of its creditors. There was therefore no

question as to the right of the trustee in bankruptcy to maintain the action.

It is urged that the judgment should be in any event affirmed for the reason that there is ample evidence to show that the corporation was insolvent at the time of the transaction involved, and that the payment to defendant was in fraud of the rights of creditors. But it is altogether clear that we, as an appellate court, could not find such to be the facts, and affirm this judgment upon the record before us.

The judgment will therefore be reversed and the cause remanded, with leave to respondent to amend his petition if so advised. It is so ordered. *Reynolds, P. J.*, and *Nortoni, J.*, concur.