[No. 14827.   Department Two.   August 3, 1918.]

## H. J. HIBSCHMAN, *as Trustee etc., Appellant,* v. CLIFFORD D. BEVIS *et al., Respondents.*[1]

BANKRUPTCY—ACTION BY TRUSTEE—PLEADING—INSUFFICIENCY OF ASSETS. Since a trustee in bankruptcy has no greater rights than the creditors, in an action to obtain possession of property of the bankrupt fraudulently conveyed or subject to creditor's liens, he must allege and prove that he has not sufficient assets in his hands to satisfy claims of creditors of the bankrupt.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered August 4, 1917, upon findings in favor of the defendants, in an action by a trustee to recover property belonging to the estate of a bankrupt. Affirmed.

*E. H. Belden,* for appellant.

*Crandell, Williams & Crandell* and *Fred M. Williams,* for respondents Cora Bevis *et al.*

*Luby & Pearson* and *John E. Orr,* for respondents Clifford D. Bevis *et al.*

[1]Reported in 174 Pac. 5.

Chadwick, J.—Plaintiff, as trustee in bankruptcy for M. L. and L. G. Bevis, brought this action to obtain possession of certain property alleged to be the property of the bankrupts, but claimed by the various defendants, either as owners or as creditors having a lien. While the court held generally in favor of the defendants, the first and controlling question is whether the complaint states a cause of action.

Plaintiff has neither alleged nor proved that the property is required to pay claims against the bankrupts' estate. That a trustee takes title to the property of a bankrupt, and that he may avoid any transfer that might have been avoided by a creditor, is not questioned. A trustee in bankruptcy has no greater right, nor is he accorded higher standing in the civil courts, than a creditor would have if the suit were brought by him in his own behalf. He is subject to the same rules of pleading and is bound to meet the same measure of proof as if no bankruptcy proceeding were pending. In consequence, the rule is quite universal that a trustee in bankruptcy cannot maintain an action unless it is alleged and sustained by proof that he has not sufficient assets in his hands to satisfy the claims of the creditors of the debtor. 7 C. J. 249 and 266; 3 R. C. L. 300; *Crary v. Kurtz*, 132 Iowa 105, 105 N. W. 590, 109 N. W. 452, 119 Am. St. 549; *Drew v. Myers*, 81 Neb. 750, 116 N. W. 781, 17 L. R. A. (N. S.) 750; *Mueller v. Bruss*, 112 Wis. 406, 88 N. W. 229; *Mayhew v. Todisman*, 246 Mo. 288, 151 S. W. 436; *Seager v. Armstrong*, 95 Minn. 414, 104 N. W. 479, 480.

The theory of the law is that a suit by a trustee in bankruptcy is essentially a creditor's bill, and that the insufficiency of the property left in the debtor's hands is an essential to the right to question a fraudulent conveyance, whether the suit be maintained by a creditor or by a trustee in his own behalf. If this be so, the

case of *Crandall v. Lee,* 89 Wash. 115, 154 Pac. 190, is in point.

The judgment is affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.