**In re GUNNING et ux.**

**No. B–8075.**

District Court, E. D. Washington, Northern Division.

June 19, 1941.

Robertson & Smith, of Spokane, Wash., and John T. Raftis, of Colville, Wash., for petitioner.

Lawrence H. Brown, of Spokane, Wash., for the farm debtors.

SCHWELLENBACH, District Judge.

In my opinion filed April 18, 1941, I reserved decision upon two questions raised by the debtors' counsel for the reason that they involved mixed questions of law and fact. Counsel on both sides were anxious that the main question be decided by me as speedily as possible. Since that time the Conciliation Commissioner has taken testimony concerning these points and both counsel have requested that I write an opinion concerning the first of these points which I stated in my previous opinion as follows [38 F.Supp. 500, 503]: "That the failure to file the memorandum of conditional sale vested title absolute in so far as subsequent creditors were concerned."

Upon that question the findings of the Conciliation Commissioner are:

"1. That the conditional sales contract was not filed with the auditor of Stevens County within the period of ten days, or at all.

"2. That all of the debts represented by claims of all of the creditors were incurred after Gunning went into possession of the Neely contract."

Remington Revised Statutes of Washington, Section 3790, provides: "That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions * * * and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

There is no dispute between counsel on the proposition that under the decisions of the Supreme Court of the State of Washington a contract of conditional sale not filed is good as between the parties. In fact, that Court went so far as to hold that an oral contract of conditional sale was val-

id as between the parties. Gaffney v. O'-Leary, 155 Wash. 171, 283 P. 1091.

■ The Supreme Court of the State of Washington has held that a receiver has no greater rights as against the vendor of an unfiled conditional sale contract than the vendee has. Bank of California v. Clear Lake Lumber Co., 146 Wash. 543, 264 P. 705; Johnson-Stephens, etc., v. Marlatt & Miller, 181 Wash. 621, 44 P.2d 818.

On the other hand, that Court has held that an assignee for the benefit of creditors under a common law assignment is entitled to contest the validity of an unfiled conditional sale contract. Seattle Association of Credit Men v. University Chevrolet Co., 181 Wash. 390, 43 P.2d 46.

The decision in that case was based upon a decision previously rendered by the Washington State Supreme Court, the case of Keyes v. Sabin, 101 Wash. 618, 172 P. 835, 837, which involved an unfiled chattel mortgage. The following language in the Keyes decision was quoted with approval: "Here the general creditors acquired more than a lien by the assignment. They acquired ownership and title; equitable title it may be, but title nevertheless. Having title through their representative, it is unsound in principle to say that they cannot question liens void as to them, and, what is the same thing, question such liens through their representative."

■ The rule as to the right of trustee in bankruptcy to contest the validity of an unfiled conditional sale contract is based upon the amendment of June 25, 1910, to the Bankruptcy Act. Bankruptcy Act, Section 47, sub. a(2) U.S.C.A.Title 11, § 75, sub. a(2).

In this regard reference might be made to the reports of the Judiciary Committees of the House of Representatives and the United States Senate, dated February 22, 1910, and May 16, 1910, respectively. By the provisions of that Amendment, the following language was added to the Section: "and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 36 Stat. 840.

Prior to that time the right of the trustee to contest the validity of unfiled conditional sales agreement depended upon the provision of the State Statute defining the claims of creditors against whom the failure to file made the contract absolute. York Mfg. Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782.

Since that time the Trustee possessing the power of a creditor holding a lien as to property within the custody of the Bankruptcy Court and the power of the judgment creditor as to property not in the custody of the Bankruptcy Court, it has been uniformly held that the trustee can contest the validity of the contract. In re Press Printers & Publishers, 3 Cir., 23 F.2d 34, certiorari denied Babcock Printing Press Mfg. Co. v. Murphy, 276 U.S. 633, 48 S.Ct. 339, 72 L.Ed. 742; Meier & Frank Co. v. Sabin, 9 Cir., 214 F. 231; Scandinavian-American Bank v. Sabin, 9 Cir., 227 F. 579.

■ The question arising here is whether, under these proceedings, the debtor can contest the validity of this unfiled contract. So far as either counsel has been able to find, there are no cases touching this point. I, too, have made a diligent search in an effort to find some authority upon it. That has been unavailing. It seems to me that the logic of the situation requires me to hold that the debtor is not in a position to raise the question of the failure to file the contract. The whole philosophy of the Frazier-Lemke Act (Bankruptcy Act, § 75 U.S.C.A.Title 11, § 203) is that the debtor himself will remain in possession of his property. He is to manage it and if he succeeds in his endeavor, he will retain the property. It is true that failing to secure a composition or an extension which satisfies him, he may ask to be adjudged a bankrupt. His petition, however, is in the words of the Statute "that he be allowed to retain possession, under the supervision and control of the court, of any part or parcel or all of the remainder of his property." 11 U.S.C.A. § 203, sub. s. He retains this possession for a period of three years. In view of the holding of the State Court that a receiver is such a representative of an insolvent that he cannot contest the validity of an unfiled contract, clearly the debtor in these proceedings has not so changed his status by the filing under this Act to entitle him to

708

do what a receiver would not be permitted to do for him.

I have been informed by both counsel that a stipulation will be entered that I am to reserve decision upon point number two mentioned in my opinion dated April 18, 1941. Consequently, I will not comment upon that point.